| | MISSISSIPPI DEPARTMENT OF CORRECTIONS | SOP NUMBER 20-08-01 |
|---|---|---|
| | | AGENCYWIDE |
| | GRIEVANCE PROCEDURES | INITIAL DATE 12-15-1997 |
| ACA STANDARDS: 2-CO-3C-01, 4-4248, 4-4284, 4-ACRS-6B-03 | | EFFECTIVE DATE 05-01-2015 |
| STATUTES: 47-7-9, 47-7-27, 47-7-37 | NON-RESTRICTED | PAGE 1 of 8 |

**APPLICABILITY:**

This procedure applies to all employees of the Mississippi Department of Corrections and to all offenders committed to the custody of the Mississippi Department of Corrections.

**POLICY STATEMENT:**

It is the policy of the Mississippi Department of Corrections (MDOC) to maintain a written offender grievance procedure.

**DEFINITIONS:**

Administrative Remedy Program (ARP) – A program by which an offender may request administrative remedy for situations arising from policies, conditions, or events within the MDOC that affect them personally.

Director of Administrative Remedy Program – Supervisor of MDOC's Administrative Remedy Program in Central Mississippi Correctional Facility, Mississippi State Penitentiary, South Mississippi Correctional Institution, Restitution Centers, Community Work Centers and other facility housing offenders committed to the custody of the Mississippi Department of Corrections who coordinates the program at all administrative levels.

This individual will be responsible for coordinating and facilitating the Administrative Remedy Program process.

Grievance – A written complaint by an offender on the offender's own behalf regarding a policy applicable within an institution, a condition within an institution, an action involving an offender of an institution, or an incident occurring within an institution.

Emergency Grievance – A matter in which disposition within the regular time limits would subject the offender to a substantial risk of personal injury, or cause other serious and irreparable harm to the offender.

Days – Calendar days.

**PROCEDURES:**

**GENERAL**

*Administration of Correctional Agencies* (Central Office): **Written agency policies provide offenders/juveniles/residents with the following:**

Case 5:16-cv-00039-DCB-MTP    Document 34-2    Filed 09/15/17    Page 2 of 8

| TITLE:  GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE: 05-01-2015 | NON-RESTRICTED | PAGE 2 of 8 |

- **access to courts**
- **access to counsel**
- **access to law library**
- **access to programs and services**
- **access to media**
- **procedures that reasonably ensure the safety and well-being of offenders**
- **procedures for searches**
- **procedures for disciplinary actions**
- **grievance procedures**
- **freedom from racial, ethnic, gender, and religious discrimination [2-CO-3C-01].**

*Adult Correctional Institutions:*  **There is a written inmate grievance procedure that is made available to all inmates and that includes at least one level of appeal [4-4284].**

*Adult Community Residential Services:*  **A grievance procedure that includes at least one level of appeal is available to all offenders. The grievance procedure is evaluated at least annually to determine its efficiency and effectiveness. The quantity and nature of offender grievances are aggregated and analyzed annually [4-ACRS-6B-03].**

The ARP Director will annually solicit comments and suggestions on the processing, the efficiency and the credibility of the Administrative Remedy Procedure.

All offenders will be entitled to invoke this grievance procedure. It will be the responsibility of the Case Manager to provide appropriate assistance for offenders with literacy deficiencies or language barriers.

No action will be taken against an offender for the good faith use of or good faith participation in the procedure. Reprisals of any nature are prohibited. Offenders are entitled to pursue, through the grievance procedure, a complaint that a reprisal occurred.

All aspects of the ARP process will be monitored by the ARP Director to insure that all time-limits are followed and that appropriate relief and responses are prepared at each level.

**REVIEWERS:** If an offender registers a complaint against a staff member, that employee will not play a part in making a decision on the request. However, this will not prevent the employee from participating at Step One, since the employee complained about may be the best source from which to begin collecting information on an alleged incident. If the offender is not satisfied with the decision rendered at the First Step, he should pursue his grievance to the ARP Director via the Second Step.

**COMMUNICATIONS:** Offenders must be made aware of the system by oral explanation at orientation and should have the opportunity to ask questions and receive oral answers. The procedures will be posted in writing in areas readily accessible to all offenders.

**WRITTEN RESPONSES:** At each stage of decision and review, offenders will be provided legibly written or typed answers that explain the information gathered or the reason for the decision reached along with simple directions for obtaining further review.

| TITLE: GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE: 05-01-2015 | NON-RESTRICTED | PAGE 3 of 8 |

### INITIATION OF THE PROCESS

Before initiating the formal process, offenders should always try to resolve their problems informally within the institution. This informal resolution may be accomplished through discussions with staff members, etc. If the offender is unable to resolve his problems or obtain relief, he may initiate the formal process.

Nothing in this procedure should serve to prevent or discourage an offender from communicating with anyone in MDOC. The requirements set forth in this document for acceptance into the Administrative Remedy Procedure are solely to assure that incidents which may give rise to a cause of action will be handled through this two step system of review.

If an offender refuses to cooperate with the inquiry into his allegation, the request may be denied by noting the lack of cooperation on the appropriate Step Response and returning it to the offender.

### SCREENING

The ARP Director will screen all requests prior to assignment to the First Step. The screening process should not unreasonably restrain the offender's opportunity to seek a remedy. If a request is rejected, it must be for one of the following reasons which will be noted on Form ARP-1:

This matter is not appealable through this process such as:

- Court decisions

- Parole Board/Pardon Board decisions

- It is a duplicate request.

- In cases where a number of offenders have filed similar or identical requests seeking administrative remedy, it is appropriate to respond only to the offender who filed the initial request. Copies of the decision sent to other offenders who filed requests simultaneously regarding the same issue will constitute a completed action. All such requests will be logged.

- The complaint concerns an action not yet taken or a decision which has not yet been made.

- The offender has requested a remedy for another offender.

- The offender has requested a remedy for more than one incident (a multiple complaint)

- Established rules and procedures were not followed.

- If an offender refuses to cooperate with the inquiry into his allegation, the request may be denied due to lack of cooperation.

Case 5:16-cv-00039-DCB-MTP   Document 34-2   Filed 09/15/17   Page 4 of 8

| TITLE:  GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE: 05-01-2015 | NON-RESTRICTED | PAGE 4 of 8 |

- There has been a time lapse of more than 30 days between the event and the initial request, unless waived by the ARP Director.

Notice of the initial acceptance or rejection of the request will be provided to the offender.

**MULTIPLE REQUESTS:** Except for disciplinary appeals, if an offender submits multiple requests during the review of a previous request, they will be logged and set aside for handling at such time as the request currently in the system has been exhausted at the Second Step or until time limits to proceed from the First Step to the Second Step has lapsed. RVR appeals will not be logged and set aside. A maximum of ten (10) requests will be logged. Requests above that number will be returned to the offender and not filed.

**REPRISALS:** No action will be taken against anyone for the good faith use of or good faith participation in the procedure. The prohibition against reprisals should not be construed to prohibit discipline of offenders who do not use the system in good faith. Those who file requests that are frivolous or deliberately malicious may be disciplined under the appropriate rule violation..

The ARP Director will be responsible for determining and communicating to offenders who misuse the ARP. The offenders will be notified about their non-compliance with the rules and the consequences of frivolous or malicious filings.

**FIRST STEP (Time Limit 40 days)**

The offender commences the process by writing a letter to the ARP Director, in which he/she briefly sets out the basis for his/her claim, and the relief sought (Refer to Initiation of Process" for the requirements of the letter).

The offender should make a copy of his letter of complaint and retain it for his own records.

The original letter will become a part of the process and will not be returned to the offender. The institution is not responsible for providing the offender with copies of his letter of complaint.

This letter will be written to the ARP Director within 30 days of an alleged event (This requirement may be waived when circumstances warrant. The ARP Director or designee will use reasonable judgment in such matters).

The requests will be screened by the ARP Director and a notice will be sent to the offender advising that his request is being processed or is being rejected. The First Step Respondent will respond to the offender within 40 days from the date the request is received at the First Step.

For offenders wishing to continue to the Second Step, sufficient space will be allowed on the response to give a reason for requesting review at the next level. There is no need to rewrite the original letter of request as it will be available to all reviewers at each Step of the process.

Case 5:16-cv-00039-DCB-MTP   Document 34-2   Filed 09/15/17   Page 5 of 8

| TITLE: GRIEVANCE PROCEDURES | SOP NUMBER 20-08-01 |
|---|---|
| EFFECTIVE DATE: 05-01-2015 | NON-RESTRICTED | PAGE 5 of 8 |

### SECOND STEP (Time limit 45 days)

An offender who is dissatisfied with the First Step response may appeal to the ARP Director by so indicating that he is not satisfied in the appropriate space on the response form and forwarding it to the ARP Director within 5 days of receipt of the decision. A final decision will be made by the Superintendent, Warden or Community Corrections Director and the offender will be notified within 45 days of receipt.

If an offender is not satisfied with the Second Step response, he may file suit in State or Federal Court. The offender must provide the administrative remedy procedure number on the court forms.

### DEADLINES AND TIME LIMITS

No more than 90 days from the initiation to completion of the process will elapse, unless extension(s) have been granted. Absent such an extension, expiration of response time limits will entitle the offender to move on to the next Step in the process. Time limits begin on the date the request is assigned to a staff member for the First Step response.

An offender may request an extension in writing of up to five days in which to file at any stage of the process. This request will be made to the ARP Director. The offender must certify valid reasons for the delay, which reasons must accompany his untimely request. The issue of sufficiency of valid reasons for delay will be addressed at each Step, along with the substantive issue of the complaint.

The First Step Respondent may request permission for an extension of not more than five days from the ARP Director at Step One review/response. The offender must be notified in writing of such an extension.

In no case may the cumulative extensions exceed 25 days.

The ARP Director will devote particular personal attention to all grievances of a sensitive or emergency matter to insure that these matters are handled expeditiously and appropriately.

### PROBLEMS OF AN EMERGENCY NATURE

If an offender feels he is subjected to emergency conditions, he must send an emergency request to the ARP Director. The ARP Director will immediately review the request and forward the request to the level at which corrective action can be taken.

Abuse of the emergency review process by an offender will be treated as a frivolous or malicious request and the offender will be disciplined accordingly. Particularly, but not exclusively, matters relating to administrative transfers, time computation disputes and family illness or death are NOT to be treated as emergencies for purposes of this procedure, but will be expeditiously handled by the ARP Director when appropriate.

### SENSITIVE ISSUES

If the offender believes the complaint is sensitive and would be adversely affected if the

| TITLE:  GRIEVANCE PROCEDURES | SOP NUMBER 20-08-01 |
|---|---|
| EFFECTIVE DATE: 05-01-2015    NON-RESTRICTED | PAGE 6 of 8 |

232   complaint became known at the institution, he/she may file the complaint directly with the
233   Mississippi Department of Corrections Director of Administrative Remedy Program.  The
234   offender must explain in writing, his reason for not filing the complaint at the institution.

236   If the MDOC ARP Director agrees that the complaint is sensitive, he/she will accept and
237   respond to the complaint. If he/she does not agree that the complaint is sensitive, he/she
238   will so advise the offender in writing. The offender will then have five days from the date the
239   rejection memo is received to submit his request through regular channels (beginning with
240   the First Step if his complaint is acceptable for processing in the Administrative Remedy
241   Program.

243   **MEDICAL**

245   Medical complaints will be handled at the First Step by a licensed primary care physician and
246   at the Second Step by the site medical director who is a licensed and supervisory doctor.

248   **SENTENCE COMPUTATION**

250   Sentence computation and records issues involving the calculation of the length of time
251   an offender must serve will be handled at the First Step by a knowledgeable Records office
252   employee and at the Second Step through a personal meeting with a records office supervisor.

254   **ADMINISTRATIVE REMEDY PROCEDURE RECORDS**

256   Administrative Remedy Procedure records are confidential. Employees who are participating
257   in the disposition of a request may have access to records essential to the resolution of
258   requests.

260   All reports, investigations, etc., other than the offender's original letter and responses, are
261   prepared in anticipation of litigation, and are prepared to become part of the attorney's work
262   product for the attorney handling the anticipated eventual litigation of this matter and are
263   therefore confidential and not subject to discovery.

265   Records will be maintained as follows:

267   • A log will be maintained which will document the nature of each request, all relevant dates,
268     and disposition at each step.

270   • Individual requests and dispositions, and all responses and pertinent documents will be
271     kept on file at the institution.

273   • Records will be kept at least five years following final disposition of the request.

275   **TRANSFERRED OFFENDERS**

277   When an offender has filed a request at one institution and is transferred prior to the review, or if
278   he files a request after transfer on an action taken by the sending institution, the sending
279   institution will complete the processing through the First Step. The Warden of the receiving
280   institution will assist in communication with the offender.

20-08-01 (g)

| TITLE: GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE: 05-01-2015 | NON-RESTRICTED | PAGE 7 of 8 |

281  **DISCHARGED OFFENDERS**
282
283  If an offender is discharged before the review of an issue that affects the offender after
284  discharge is completed, or if he files a request after discharge on such an issue, the
285  institution will complete the processing and will notify the offender at his last known
286  address. All other requests will be considered moot when the offender discharges, and
287  MDOC will not complete the process.
288
289  **RVR APPEALS**
290
291  *Adult Correctional Institutions:* **Written policy, procedure, and practice grant inmates the**
292  **right to appeal decisions of the disciplinary committee to the warden/superintendent or**
293  **designee. Inmates have up to 15 days of receipt of the decision to submit an appeal.**
294  **The appeal is decided within 30 days of its receipt, and the inmate is promptly notified in**
295  **writing of the results [4-4248].**
296
297  At the time of notification of a guilty finding in a disciplinary hearing, the offender will be notified
298  that he/she has the right to appeal any decision of, or disciplinary action taken by the
299  Disciplinary Hearing Officer, directly to the Warden/Community Corrections Director or designee
300  of the unit/center involved via the ARP Director.
301
302  This notification will be documented by having the offender sign the front of the RVR indicating
303  that he/she understands the right to appeal.
304
305  If the offender waives his/her right to appear and is found guilty, he/she cannot appeal the
306  decision.
307
308  The appeal will be submitted in writing within fifteen (15) days after a copy of the Disciplinary
309  Hearing Officer's decision is offered to the offender and will set forth in detail the grounds for
310  any appeal.
311
312  In the event the offender is illiterate, at the request of the offender, the offender's case manager
313  may assist him/her in writing the letter of appeal.
314
315  The Warden/Community Corrections Director or designee has thirty (30) calendar days from
316  receipt of the appeal to respond.
317
318  During the appeal, the reviewer may affirm the action of the Disciplinary Hearing Officer or alter
319  it as he/she deems just and proper except at no point in the appeal process shall the penalty be
320  increased.
321
322  If the offender is not satisfied, he/she may file suit in state or federal court. The offender must
323  provide the ARP number on the court forms.
324
325  **DOCUMENTS REQUIRED:**
326
327  Community Corrections: ARP Grievance Notification form
328  Monthly Report
329  Annual Report

20-08-01 (g)

| TITLE: GRIEVANCE PROCEDURES | | SOP NUMBER 20-08-01 |
|---|---|---|
| EFFECTIVE DATE: 05-01-2015 | NON-RESTRICTED | PAGE 8 of 8 |

330  As required by this procedure and through the chain of command

| SOP ENFORCEMENT AUTHORITY | | |
|---|---|---|
| **Reviewed and Approved for Issuance** | _[signature]_ Deputy Commissioner of Institutions | 05/01/15 Date |
| | _[signature]_ Deputy Commissioner of Community Corrections | 5/1/2015 Date |